### HINCH v. THE STATE.

1. An indictment against H. for perjury, committed upon the trial of P. for larceny, should charge or show that the larceny for which P. was tried, was either made felony by statute, or was such as at common law amounted to felony.

2. It should be alledged that the facts sworn to by H., and in which the perjury is charged to have been committed, were material upon the trial of P. (Note a.)

### ON ERROR from Howard Circuit Court.

WASH, J., delivered the opinion of the Court.

Hinch was convicted of perjury at the last term of the Howard Circuit Court, sentenced to receive twenty-five stripes, fined fifty dollars, and disqualified from being a witness, &c., agreeably to the provisions of the 56th section of the act concerning crimes and punishment: R. C. p. 299. Various errors are assigned, only two of which will be now considered, without regard to the order in which they stand.

First. That the indictment does not show what species of larceny was charged against Patrick, upon the trial for which the perjury is alledged to have been committed by Hinch; or that the same was a felony, either at common law or by the statute.

(159) Second. That it is not sufficiently alledged in the indictment against Hinch, that the facts sworn to, and in which the perjury is charged to have been committed, were material upon the trial between the State and Patrick.

The indictment charges that the perjury was committed upon the trial of issues joined between the State of Missouri and one William Patrick, upon an indictment against said Patrick "for larceny, and for feloniously marking a hog, and feloniously

Hinch *v.* The State.

altering the marks of hogs, with an intention of stealing the same," &c.   " And that at and upon the trial of said issues, one Uriah Hinch did then and there, to wit: on the day and year aforesaid, at the county aforesaid, at the Court aforesaid, appear, and was produced as a witness for and on behalf of the said Patrick, against the said State of Missouri; and the said Hinch was then and there duly sworn, and did then and there take his corporal oath, as such witness as aforesaid, before the said Court, that the evidence that he, the said Uriah, should give to the Court and jury, sworn between the said State and the said William Patrick, should be the truth, the whole truth, and nothing but the truth, (the said Court then and there having competent authority to administer the said oath to the said Uriah in that behalf,) and the said Uriah being so sworn as aforesaid, *it then and there became and was material to inquire*," &c.

The statute above referred to, *R. C.* p. 299, sec. 56, provides " that if any person shall wilfully and corruptly commit perjury, &c., on any trial for felony," &c., he shall be punished in the manner Hinch has been sentenced to be punished in this case.

In this case the indictment charges that Patrick was on his trial for larceny, &c., and it is insisted that all larcenies are felonies, and various authorities have been cited in support of the position.   No definition of felony, however, as drawn either from the character of the crime or the punishment inflicted, is sufficiently comprehensive to cover this case.   There are statute larcenies that are not made felonies by statute, and which were neither larcenies nor felonies at common law.   In this case the indictment against Hinch should have charged or shown that the larceny for which Patrick was tried, was either made felony by statute, or was such as at common law amounted to felony.

On the second point, the words, " it then and there became and was material to inquire," refer plainly and directly to the county and Court at which Patrick was tried, and cannot by any fair construction be made to relate to the time of trial.   The (160) authorities are express that it must be charged or shown to have been material " upon the trial."   For this defect the judgment must be reversed in toto.   The first point was examined from a belief that it might be important to declare the law thereon.   The other points raised, have no bearing upon the judgment, and are not deemed material.

The Circuit Court erred, therefore, in refusing to arrest the judgment, which is now reversed with costs.

(*a.*) In an indictment for perjury, against a party to a suit, it is necessary to show by proper averments, that he was sworn under circumstances which authorized his being sworn as a witness in the cause. (*R. S.* 1835; title, " Justices' Courts, p. 361.) The State *v.* Hamilton, 7 Mo. R., p. 300.